ROBERT SNEED V. THE STATE.

No. 2606.   Decided June 25, 1913.

**Murder—Manslaughter—Charge of Court—Adequate Cause.**

Where, upon trial of murder, the evidence showed several causes for manslaughter, but the court only submitted one of them as adequate cause, the same was too restrictive and reversible error, defendant having been convicted of murder in the second degree with a penalty of twenty years imprisonment in the penitentiary.   Following Wheeler v. State, 54 Texas Crim. Rep., 47, and other cases.

Appeal from the Criminal District Court of Dallas.   Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of murder in the second degree; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*W. A. Johnson* and *A. S. Baskett,* for appellant.—Cited cases in opinion, and Cooper v. State, 49 Texas Crim. Rep., 28; Floyd v. State, 52 id., 103; Rice v. State, 51 id., 255; Bonner v. State, 29 Texas Crim. App., 223.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the second degree, the jury assessing his penalty at twenty years confinement in the penitentiary.

The evidence introduced by the State will show murder in the second degree.   That introduced by the defendant raised clearly the issue of manslaughter and self-defense.   Appellant was the day manager of a pool hall and billiard room.   The deceased went into this billiard room on the occasion of the trouble and paid 5 cents for the privilege of practicing on one of the tables.   Under the rules of the house by paying the 5 cents the party would be entitled to practice on the table fifteen minutes.   Deceased had exceeded the fifteen-minute limit by some time when appellant reminded him of it and started to take the balls from the table when deceased shot a ball violently against his hand, which he claimed produced pain.   Deceased then started towards the door, going down one side of the room and appellant in the same direction on the opposite side of the room.   Appellant went to the cigar case and put up the chalk.   When the deceased reached the door or near the door he turned and came to where appellant was standing behind the cigar case, cursed him, pulled out his knife and told appellant he was going to kill him, and started towards him.   Appellant then got the pistol, walked out from behind the cigar case, cocked and fired it.   He thought it would not shoot but got it to bluff the deceased.   That he tried it before and it would not work.   He testifies that he was scared and that he did not think the pistol would shoot.   That he got the pistol to defend himself by bluffing deceased, and that it accidentally shot and

killed him. There is other testimony besides appellant's to the effect that deceased cursed him and told him to go to hell, and also that the pistol had not been in working condition since it had been in the house. Appellant introduced other witnesses who knew the pistol and they testified they did not think it would shoot and some of them expressed surprise when it did fire.

There are several causes for manslaughter. The court charged the jury, among other things, with reference to one phase of manslaughter, as follows: "The drawing of a knife by the deceased on the defendant, or advancing on the defendant with an open knife." This charge is given as an adequate cause. This is not a statutory cause. This charge is criticised because it culled some of the facts without stating them all, the contention being that where the court culls the facts and states them as adequate cause, that all of the facts bearing on or illustrating that particular phase of the case should be given. We have stated enough of the facts to show deceased not only drew his knife on defendant but threatened to kill him with it and cursed him. Under the authority of Wheeler v. State, 54 Texas Crim. Rep., 47, and Gant v. State, 55 Texas Crim. Rep., 284, this charge was error. The conviction was for twenty years, and had appellant been convicted of manslaughter and the minimum punishment assessed, this charge might not have been hurtful, but the punishment was very heavy, and it might have been very beneficial to defendant to state the law as it really is as applicable to the evidence. It might have induced the jury to find him guilty of a lower offense, or to give him smaller punishment of murder in second degree.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*